# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2135

_____

John P. Conville, Jr.,                         *
                                               *
                  Appellant,                   *
                                               *  Appeal from the United States
          v.                                   *  District Court for the
                                               *  Eastern District of Arkansas.
Emerson Electric,                              *
                                               *  [UNPUBLISHED]
                  Appellee.                    *

_____

Submitted: April 6, 2007
    Filed:  April 11, 2007

_____

Before SMITH, GRUENDER, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

John P. Conville, Jr. appeals from the district court's[1] dismissal of his Title VII and Americans with Disabilities Act complaint. Upon de novo review, see Farm Credit Servs. of Am. v. Am. State Bank, 339 F.3d 764, 767 (8th Cir. 2003), we affirm.

Emerson Electric Company (Emerson) employed Conville until 1993. In 1992, he suffered a stroke. Based upon his resulting medical restrictions, Emerson informed him that it did not have a position available for him, and terminated his

_____

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

employment in March 1993. In 2005, Conville filed a pro se charge of discrimination with the Equal Employment Opportunity Commission, which determined that the charge was untimely. Using a Title VII pro se complaint form, Conville alleged that Emerson violated his rights under the Americans with Disabilities Act (ADA).

Whether under Title VII or the ADA, Conville's charge was filed well outside of the 180-day statute of limitations period. See 42 U.S.C. §§ 2000e-5(e)(1) (establishing 180-day statute of limitations for Title VII actions), 12117(a) (adopting Title VII procedures); Diaz v. Swift-Eckrich, Inc., 318 F.3d 796, 798 (8th Cir. 2003) (applying 180-day statute of limitations to Title VII action); Douglas v. Cal. Dep't of Youth Auth., 271 F.3d 812, 823 n.12 (9th Cir. 2001) (noting 180-day statute of limitations applies to ADA actions). The district court properly rejected Conville's argument that the statute of limitations was subject to equitable tolling. Conville was aware of the relevant facts at the time of his termination, yet waited twelve years to bring a formal charge of discrimination. See Dring v. McDonnell Douglas Corp., 58 F.3d 1323, 1329 (8th Cir. 1995) (permitting equitable tolling only "when a reasonable person in the plaintiff's situation would not be expected to know of the . . . violation"). Having dismissed Conville's suit for failing to satisfy the statute of limitations, the district court properly denied as moot Conville's motion to amend his complaint, which sought to add allegations that Emerson failed to provide him with a reasonable accommodation.

Conville's unopposed motion to place correspondence from Emerson's counsel into the record is granted. We have reviewed this correspondence and conclude that it does not affect the merits of the appeal.

The judgment of the district court is affirmed. See 8th Cir. R. 47B.

_____